[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 07, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11417
Non-Argument Calendar

_____

D. C. Docket No. 06-20560-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 7, 2007)**

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Rene Rodriguez ("Rodriguez") appeals his 48-month sentence imposed

following his guilty plea for medicare fraud in violation of 18 U.S.C. § 1347. The

district court imposed a sentence variance above the guidelines range. Rodriguez

challenges that variance and argues that his sentence is unreasonable. We affirm.

## I. Background

Rodriguez pleaded guilty to medicare fraud.[1] The scheme involved the

fraudulent billing of medicare for approximately $4 million. Medicare paid

roughly $2.2 million to the appellant's criminal enterprise.

At the sentencing hearing, the judge determined that the adjusted offense

level was 19 with a criminal history of 1. The guideline range was 30-37 months.

The district judge, however, determined that the guideline sentence was

inadequate. She stated that she thought the scheme was "audacious" and that it

"calls out for deterrence." She stated:

> I think this community is plagued with Medicare fraud, based on my
>
> experience here in this courtroom, and that there is a need for
>
> deterrence in the community . . . [Rodriguez] came to this country in
>
> 1993. He has no skills. He has no education. His best opportunity,
>
> frankly, for rehabilitation . . . is in prison. So I'm going to go above

---

[1] Rodriguez waived his right to appeal unless, inter alia, the court imposed an upward departure in fashioning the sentence. The government, however, failed to raise this argument in its brief.

2

the guidelines . . . I think a reasonable sentence, considering all of the factors in this case is a 48-month sentence.

She stated that she considered the statements of the parties, the guidelines, and the statutory factors. Rodriguez now appeals his sentence for reasonableness.

## II. Standard of Review

This court reviews a district court's final sentence for reasonableness. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). We do not apply the reasonableness standard to every decision made during the sentencing process; rather, we review the final sentence for reasonableness. U.S. v. Winingear, 422 F.3d 1241, 1245 (11 Cir. 2005). Our review is deferential. Thomas, 446 F.3d at 1351. The appellant bears the burden of establishing that the sentence is unreasonable in light of the record and the sentencing factors contained in 18 U.S.C. § 3553(a). United States v. Turner, 474 F.3d 1265, 1281 (11th Cir. 2007).

## III. Discussion

This court has stated that district courts should follow a two-step process in fashioning sentences. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). First, the district court must consult the guidelines and correctly calculate the range provided by the guidelines. These guidelines are not mandatory but are only advisory. See United States v. Booker, 543 U.S. 220 (2005). Second, the district

3

court must consider the 3553(a) factors to determine a reasonable sentence.

The 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. See 18 U.S.C. § 3553(a).

We do not require that the judge mention every one of the factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). An acknowledgment that the judge has considered the factors will suffice. Talley, 431 F.3d at 786.

Here, the district judge stated several times that she considered the factors and stated that the sentence was based upon them. She specifically mentioned the characteristics of the defendant, the nature and circumstances of the offense, and the need for deterrence. She also insinuated that Rodriguez would gain from the educational or vocational training in prison. Thus, Rodriguez has not met his burden of showing that the sentence imposed was unreasonable.

4

## IV. Conclusion

For the above reasons, we **AFFIRM**.